UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| AMY WHISTLER, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:23-CV-98 |
| | ) |
| WASHINGTON COUNTY, | ) |
| WASHINGTON COUNTY BOARD OF | ) |
| COUNTY COMMISSIONERS, | ) |
| WASHINGTON COUNTY AUDITOR, | ) |
| KYRA STEPHENSON, WASHINGTON | ) |
| COUNTY CORONER'S OFFICE, and | ) |
| PEGGY SCHELL, | ) |
| | ) |
|       Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Amy Whistler ("Whistler"), brings claims against Defendants, Washington County, Washington County Board of Commissioners, Washington County Auditor, Kyra Stephenson, Washington County Coroner's Office, and Peggy Schell (collectively "Defendants"), as follows:

**OVERVIEW**

1. This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA"). Whistler also alleges a violation of the Indiana Wage Payment Statute ("IWPS"), IC §22-2-5-1 et. seq, the Indiana Wage Claim Statute ("IWCS"), IC §22-2-9-1 et. seq., breach of contract, and unjust enrichment. Whistler pleads the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IMWL") in the alternative.

**PARTIES**

2. Whistler is an individual who, at all relevant times, worked in Salem, Indiana. She was employed by Defendant within the meaning of the FLSA during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Whistler was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1). Moreover, Whistler was an employee as defined by I.C. §22-2-2-3.

3. Defendants are employers within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §§203(d) and 206. Moreover, Defendants are "employers" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint.

4. Kyra Stephenson is the County Auditor. In this capacity, Stephenson is involved in or has oversight for the day-to-day operations of Washington County's business transactions. Stephenson has the authority to make decisions regarding wage and hour issues policies and practices for Defendants. At all relevant times, Stephenson shared responsibility to act on behalf of, and in the interest of, Defendants, in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Whistler. As a result, Stephenson is an "employer" within the meaning of 29 U.S.C. §§203(d) and 206.

5. Peggy Schell is the County Coroner. In this capacity, Schell is involved in or has oversight for day-to-day operations of the Coroner's Office. Schell is responsible for recording and submitting time and pay records for individuals employed by the Coroner's Office. At all relevant times, Schell shared responsibility to act on behalf of, and in the interest of, the Coroner's Office in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Whistler. As a result, Schell is an "employer" within the meaning of 29 U.S.C. §§203(d) and 206.

## JURISDICTION

6. This Court has jurisdiction over Defendant pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331. The Court has supplemental jurisdiction over Whistler's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

7. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391 as all the events arose in the Southern District of Indiana in Salem, Indiana.

## FACTS

8. Whistler was hired by the Washington Coroner's office in 2014. Whistler performed duties as a deputy coroner.

9. Defendants unilaterally made Whistler a salaried employee on April 1, 2017. The coroner initiated this change.

10. Under this system, Whistler was paid a quarterly salary for the balance of 2017 and for most of 2018.

11. Whistler resigned her position and left the state in December 2018.

12. Defendants rehired Whistler as a salaried employee in June 2019.

13. Under this arrangement, Defendants paid Whistler her salary in quarterly installments without interruption in 2019, 2020, and 2021. Moreover, Defendants made regular, normal, and required deductions when issuing her pay to her.

14. Because Whistler is employed with a number of entities – in addition to Defendants – she did not realize that Defendants failed to pay her, her salary in 2022.

15. Throughout 2022 Whistler performed duties for Defendants in 2022. Moreover, she was required to be on call, as needed, on weekends and was restricted from leaving the state in the event the county Sherriff called her.

16. Despite performing these duties, Defendants failed to pay Whistler wages she earned and is owed.

17. Whistler confronted Stephenson about not being paid in 2022. Defendants refused to compensate Whistler.

18. Whistler is still employed with Defendants.

19. Whistler has suffered financial harm as a result of Defendants' conduct.

## LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

20. Whistler incorporates paragraphs 1 – 19 herein.

21. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 by failing to comply with the minimum wage requirements of the FLSA.

22. Whistler was not paid at least $7.25 per hour for hours she worked on behalf of Defendants.

23. Whistler was harmed by Defendants' unlawful willful and/or reckless conduct.

### COUNT II: VIOLATIONS OF THE INDIANA MINIMUM WAGE

24. Whistler incorporates paragraphs 1 – 23 herein.

25. Whistler pleads her Indiana minimum wage law claims in the alternative.

26. At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing and refusing to pay Whistler at least minimum wage for each hour she worked.

27. Defendants' conduct is willful, reckless, or indifferent to Whistler's rights.

## COUNT III: VIOLATIONS OF THE INDIANA WAGE PAYMENT STATUTE AND/OR INDIANA WAGE CLAIM STATUTE

28. Whistler incorporates paragraphs 1 – 27 herein.

29. Whistler is a current employee or is a former employee of Defendants.

30. Defendants failed to timely pay Whistler the wages she earned in violation of the Indiana Wage Payment Statute, IC §22-2-5-1 et. seq. Moreover, Defendants have failed to pay Whistler wages she is owed under the Indiana Wage Claim Statute, IC §22-2-9-1.

31. Whistler filed a wage claim with the Indiana Department of Labor. The Indiana Attorney General's Office referred the matter for private litigation.

32. Defendants do not have a legally justified reason to have not timely paid Whistler.

33. Whistler has been harmed by Defendants' conduct.

## COUNT IV: BREACH OF CONTRACT

34. Whistler incorporates paragraphs 1 – 33 herein.

35. Defendants hired Whistler to provide services as a Deputy Coroner.

36. Whistler provided coroner services under her agreement with Defendants.

37. Defendants breached its agreement with Whistler by failing to pay her for services rendered.

38. Whistler was harmed by Defendants' breach.

## COUNT V: UNJUST ENRICHMENT

39. Whistler incorporates paragraphs 1 – 38 herein.

40. Whistler performed services for and on behalf of Defendants.

41. Defendants have failed to pay Whistler for services it authorized and hired her to perform on their behalf.

42. Defendants have been unjustly enriched by their misconduct.

43. Whistler has suffered a loss as a result of Defendant's misconduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court find in her favor and award her the following relief:

a. An Order pursuant to Section 16(b) of the FLSA and/or the Indiana Minimum Wage Law finding Defendants liable for unpaid back wages due to Plaintiff in addition to liquidated and/or treble damages equal in amount to the unpaid compensation due to Plaintiff;

b. An order awarding Plaintiff unpaid wages and any applicable penalties under Federal and Indiana law, including the IWPS and IWCS.

c. An Order awarding Plaintiff the costs of this action;

d. An Order awarding Plaintiff her attorney's fees;

e. A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA and/or Indiana law by failing to comply with the minimum wage requirements of the FLSA and Indiana law; and

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff